**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

WILLY PIERRE,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No.: 26-cv-4644-BJC-DEB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

On August 14, 2026, Petitioner Willy Pierre filed a Petition for a Writ of Habeas Corpus and an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF Nos. 1, 2. Petitioner is a citizen of Haiti who entered the United States on November 12, 2022. ECF No. 2 ¶ 7. Petitioner is married and has two children, one of whom is a United States citizen. *Id.* According to the Amended Petition, the family was processed and detained for a short period of time at the border, then released. *Id.* The family members subsequently filed applications for asylum. *Id.* Petitioner claims he was taken into custody by ICE as he exited a Home Depot after making a purchase, but he has no criminal history. *Id.*

Petitioner contends that his continued detention violates the Fifth Amendment of the United States Constitution and requests that this Court assume jurisdiction over the matter,

grant the Petition and order his immediate release or, in the alternative, direct Respondents to schedule a bond hearing before an immigration judge. ECF No. 2. Petitioner claims that the deprivation of his due process rights requires his immediate release because he "has lived openly and continuously in the United States for approximately twenty-five years" and a bond hearing is insufficient to remedy the deprivation. ECF No. 2 at 15. However, Petitioner also contends that he entered the United States in 2022. *Id.*

On August 17, 2026, the Court set a briefing schedule on the Amended Petition for Writ of Habeas Corpus. ECF No. 6. On August 24, 2026, Respondents filed a Return to the Petition in which they state they "have insufficient information regarding termination of [Petitioner's] parole, pursuant to 8 C.F.R. § 212.5(e)(2), to provide to the Court" but that "[i]t is the government's position that Petitioner is subject to mandatory detention under § 1225(b)(2)." ECF No. 7 at 2. However, Respondents acknowledge that "this Court's prior decisions will control the result here if the Court adheres to its prior decisions" and therefore, Respondents do not oppose the petition. . . " ECF No. 7 at 3.

On the present facts, the Court finds that Petitioner is entitled to a prompt, constitutionally adequate bond hearing before a neutral decisionmaker. Accordingly, the Court **GRANTS** the Petition for a Writ of Habeas Corpus. Respondents shall provide Petitioner with an individualized bond hearing **no later than September 14, 2026**.

**IT IS SO ORDERED**.

Dated: August 25, 2026

Honorable Benjamin J. Cheeks
United States District Judge